IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK WANDELL**, | : | CIVIL ACTION NO. 1:07-CV-0026 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MICHAEL J. ASTRUE**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 4th day of June 2008, upon consideration of the report of the magistrate judge (Doc. 23), to which objections were filed (see Doc. 24), recommending that plaintiff's social security appeal be denied, and, following an independent review of the record, it appearing that substantial evidence[1] supports the administrative law judge's ("ALJ") decision not to submit additional questions to the medical expert or to obtain an opinion from a pediatric neurologist or a radiation specialist, see 20 C.F.R. § 404.1519a(b) (stating in part that a consultative examination is required only when the evidence as a whole is not sufficient to support a decision), and that the ALJ correctly concluded that medication could restore plaintiff's ability to work[2] and that plaintiff was not justified in failing to take

---

[1] When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

[2] The court notes that plaintiff's written exceptions to the magistrate judge's report and recommendation incorrectly asserts that Dr. Besen never testified that plaintiff could have performed gainful employment if he took his medications. (See Doc. 17 at 57.)

prescribed medication, see Walker v. Barnhart, 172 F. App'x 423, 427 n.2 (3d Cir. 2006) (stating 20 C.F.R. § 416.918 provides that "an individual, who has a disabling impairment that is amenable to prescribed treatment which could be expected to restore his ability to work, cannot be found 'disabled' if he 'willfully fails' to follow such prescribed treatment"), and it furthering appearing that the ALJ considered the employer's accommodations and the opinions of the treating physicians, that the ALJ did not need to send plaintiff for a new consultative mental health examination, and that the ALJ did not err in finding portions of the plaintiff's testimony not credible, see Blue Ridge Erectors v. Occupational Safety & Health Review Comm'n, 261 F. App'x 408, 410 (3d Cir. 2008) (quoting St. George Warehouse, Inc. v. NLRB, 420 F.3d 294, 298 (3d Cir. 2005), which provides that "[t]he ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 23) is ADOPTED.

2. Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge